DEREK A. RICHARDSON                §         IN THE_____JUDICIAL

TRANSGENDER TEXAS                            FEDERAL COURT,

INMATE                             §         HOUSTON, TEXAS

PLANTIFF PRO SE

V.                                 §

TEXAS DEPT. OF CRIMINAL

JUSTICE, DIRECTOR BRYAN COLLIER,             United States Courts
                                             Southern District of Texas
TEXAS STATE CLASSIFICATION DIRECTOR                    FILED
TIMOTHY FITZPATRICK,
                                             FEB 0 7 2022
TEXAS PRISON UNIT, RICHARD P.

LEBLANC, WARDEN TOMPKINS,                    Nathan Ochsner, Clerk of Court

TEXAS PRISON UNIT RICHARD P.

LEBLANC CLASSIFICATION DEPT.

ET. AL's.

DEFENDANT(S)


NOW COMES DEREK A. RICHARDSON. IN

IN HER FIRST, ORIGINAL PETITION FOR FEDERAL ACTION, AND FOR THE

REMAINDING MERRIT OF HERFEDERAL U.S.C.42,1983 BE KNOWN AS, THE

PLAINTIFF. TEMPORARILY HOUSED AT THE RICHARD P. LEBLANC UNIT,3695

FM 3514. ID NO. BEAUMONT TEXAS, 77705 UNDER 1938366. THAT AS

STATED AND KNOWN TO THE TEXAS DEPT. OF CRIMINAL JUSTICE,STATE

CLASSIFICATION, AND ALL OTHERS AS A DIAGNOSED GENDER DISPHORIC/

TRANSGENDER INMATE THAT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

ITS AGENCIES, DEPARTMENTS, UNITS, AND OTHERS IN IT'S PREVIEW,NOW

AND FOR THE MERRIT OF  THE PLANTIFF'S CAUSE OF ACTION BE KNOWN

AS T.D.C.J. DEFENDANT(S),THAT EACH DEFENDANT KNOWN AND YET TO BE

IDENTIFIED, UNTIL PLANTIFF'S DISCOVERY BY AND THRU EVIDENCE,

DOCUMENTS,DEFENDANT(S) ARE NAMEDAND SUCH AS THEIR ATTORNEY OF

RECORD MADE KNOWN TO THE PLANTIFF,THAT AS THE STYLED AND NUMBERED

FEDERAL CAUSE OF ACTION WITH ADDRESS'S INDIVIDUALLY YET KNOWN,

WILL BE ADDRESSED, SERVED BY AND THRU THEIR COLLECTIVE SINGLE

EMPLOYER, THE HOME OFFICE, DIRECTOR OF OPERATIONSOF, T.D.C.J.

8610 SHOAL CREEK, AUSTIN TEXAS, 78757. THAT THE PLANTIFF'S CAUSE

FOR ACTION UPON WITH EXIBITS, AND FACTUAL ALLEGATIONS GIVEN, AS A

PLANTIFF, AS TRUTH, WOULD SHOW; DEFENDANT(S) ACTED IN THEIR

INDIVIDUAL CAPACITY AND UNDER COLOR OF LAW. THAT A KNOWN AND
SUSTAINED RECKLESS KNOWLEDGE BY THE DEFENDANT(S) AS, LEARNED,
TRAINED, ABOVE AVERAGE PROFESSIONAL SKILL SET THEIR EACH, AND
OWN, SELECTED PROFFESSIONS IN A MANAGEMENT POSITIONS WITHIN THE
TEXAS SPECIALIZED FIELD OF, CRIMINAL JUSTICE. THAT KNOWING AND
UNDEERSTANDING INSTITUTIONAL LIFE, SETTINGS, ACTS AND OMISSIONS
OF THE TEXAS PRISON SYSTEM, KNOWINGLY, WITHOUT CARE, MOCIOUSLY
AND RECKLESSLY AVOIDED THEIR DUTY AS T.D.C.J. MANAGEMENT TO KEEP
SAFE, CARE FOR AND, MONITOR CONDITIONS OF A SUB SET, VULNERABLE
CLASS OF INMATES CLASSIFIED AS GENDER DISPHORIC OR, THOSE WHO
IDENTIFY AND MAKE KNOWN TO T.D.C.J. AS TRANSGENDER, AND OR INDIVI-
IDUALS UNDERGOING GENDER TRANSFORMATION TO THE OPPOSITE SEX. IT
IS THE PLANTIFF'S CLAIM THAT THE DEFENDANT(S) SHOWING DELIBERATE
INDIFFERANCES, A SUSTAINED LACK OF COMITMEN, INSHURING THIS SUB-
SET CLASS ARE BEING SAFELY KEPT WHILE UNDER THEIR WATCH, AND CARE,
THAT T.D.C.J. MANAGEMENT, HAS FAILED ON.
THAT THE PLANTIFF STATES, ATTEST TO, THE DEFENDANT(S) ACTS AND
OMISSION IN THEIR DELIBERATE INDIFFERENCE TO THE RISKS POSED TO
THE PLAINTIFF AS A TRANSGENDER WICH ALONE GIVES RISE TO AN OBJ-
ECTIVELY SUSTANTIAL RISK OF HARM, THAT HAS ALREADY OCCURED, ALONG
WITH KNOWLEDGE THAT AS THE PLAINTIFF'S VULNERABLE CLASS, A FUTURE
HARM IS INEVITABLE UNLESS A DUE DILLIGENCE IS DONE BY T.D.C.J.
MANAGEMENT THAT, HAS FAILED BY DELIBERATE INDIFFERENCE, TO THE
PLAINTIFF'S VULNERABLE CLASS AND HERSELFAS, T.D.C.J. INMATES. THAT
THE T.D.C.J. UNITS AS DORMATORY SETTINGS THAT SHE HAS BEEN ASSIG-
NED TO GIVE RISE TO OUT RIGHT HOSTILITY, BY AND THRU T.D.C.J.
EMPLOYEES, IMPROPERLY TRAINED AND INSTRUCTED IN PRACTICES AND
POLICIES OF WHAT T.D.C.J. MANAGEMENT IS TO INSURE ADHERANCE
TO LAY CORRECTIONAL OFFICERS. GIVEN KEY ROLLS IN MANAGEMENT, PREA,
CLASSIFICATION, WITH NOPROPER AND FORMAL INITIAL TRAINING, OR
DIRECTION, RESPONSIBLE BY AND THRU THE NAMEDDEPARTMENTS AND
INDIVIDUALS AS MANAGEMENT PROFESSIONALS IN KEY POSITION WITHIN
T.D.C.J.. THAT THE DEFENDANT(S) DELIBERATE INDIFFERENCE, SELECTIV-
ELY FAILED TO MONITOR MINORITIES WHO'S NUMBERS ARE FEW, WHO ARE
PERCIEVED AS AN OUTCAST OF SOCIETY, UNPOPULAR BUT, DEFENDANT(S)
ARE WILLING TO SUFFER THROUGH. IT WOULD NEVER COUNTENANCE GENERAL

3-

APPLICATION OF, THE SAME RECKLESS PENALTIES ACROSS THE BOARD,  TO
OTHER INMATES IN CUSTODY IN THE T.D.C.J. PRISON SYSTEM.
THAT THE ACTS AND OMISSIONS OVER THE PLAINTIFF'S PRISON CONDITION
AS A MINORITY ARE IN VIOLATION OF THE PLAINTIFF'S EIGHTH AMENDM-
ENT RIGHT TO INCLUDE A CARELESS , MOLICIOUS, AND RECKLESS, STAND-
ARD OF CARE FOR A TRANSGENDER INMATE THUS VIOLATING PREA STANDAR-
'S, CONSTITUTIONAL RIGHTS FOR VARIANT GENDER INMATES THATTHE DEF-
ENDANT(S) AS, PROFESSIONALS IN THEIR CHOSEN SPECIFIC FIELD OF
PRISON MANAGEMENT, CAN ULTIMATELY BE DETERMINED AS, KNOWLEDGEABLE
INDIVIDUALS, A REQUISITIVE LEVEL OF CULPABILITY OF, UNUSUAL ELEM-
ENT OF MONITORING, AND CARE NEED, FOR TRANSGENDER INMATES BUT, FAI-
LED TO PROVIDE, ACTIONABLE AS AN EIGHTH AMENDMENT PUNISHMENT VOID
OF, THE NAMED DEFENDANT(S) TO TAKE EVEN A RESPONSIBLE MEASURE OF
CARE TO GUARANTEE THE SAFETY,  MONITORING OF THE PLAINTIFF AND
HER SUB CLASS OF STATUS IN THE T.D.C.J. SYSTEM, HOUSING AND CONT-
INUITY OF CARE, THAT SOCIETY CONSIDERES AT RISK AND FUTURE RISK.
THAT EXPOSURE TO THE TOXIC ELEMENT OF T.D.C.J., THAT THE PLAINTI-
FF HAS BEEN FORCED TO ENDURE UNNESSASARILY. THIS EXPOSURE AS WELL
AS THE FEAR OF FUTURE EXPOSURE HAS CAUSED GREAT MENTAL, AND OR
PHYSICAL HARM, AND ABUSE TO THE PLAINTIFF, BOTH BY FELLOW INMATES
AND T.D.C.J. UNEDUCATED STAFF. THESE SUFFERED ABUSES AND PREDATO-
RIAL PREA VIOLATIONS TO HER PERSON, RIGHTS TO DEFEND THE RIGHT TO
BE HER OWN PERSON RESULTING IN, DISCIPLINARY ACTIONS, LOSS OF CLA
CLASS, TIME EARNING STATUS, PAROLE ELIGABILITY, FROM T.D.C.J. MAN-
AGEMENT OFFICIATING THEIR RESPONSIBILITY TO PROTECT AND SAFELY
HOUSE THE PLAINTIFF, CONTRIBUTING TO INADEQUATE SUBSTANDARDS OF
CARE FOR TRANSGENDER INMATES SUCH AS THE PLAINTIFF, BY NOT ADDR-
ESSING, MONITORING, TRAINING, THE DEFENDANT(S) AS OFFICERS IN
RANKING POSITIONS, SO THAT THEY IN TURN CAN MAINTAIN A CONTINUITY
OF CARE IN TRAINING THEIR PROSPECTIVE OFFICERS IN THE DIRECT DAI-
LY CONTACT AND INTERACTION WITH L.G.B.T.Q.I. INMATES, THAT THESE
ACTS AND OMISSIONS DO NOT START AT THE BOTTOM AND GO UP, BUT FAI-
LURE FROM THE DEFENDANT(S) IN KEY MANAGEMENT POSITION WITH DOWN-
WARD DELIGATION OF A DUTY OWED BY THEM TO INSURE THEIR OWN RANK
AND FILE ARE TRAINED, KNOWLEDGABLE, AND MONITORED TO ACT ON
BEHALF OF SAID DEFENDANT(S) AS, "THE FACE", OF T.D.C.J. TAKING
RESPONSIBLE MEASURE TO GUARANTEE THE SAFETY OF THESE INMATES, FAIL-
ED AS A NEED, STATE OF MIND, AND

(3)

ED AS A NEED, STATE OF MIND, CAUSING HARM AND OF WITH KNOWLEDGE, THAT HARM WILL RESULT SOLELY BY THE NATURE, AND STATUS OF TRANSG- ENDERS IN PRISON. VIOLATING A STANDARD THAT SOCIETY WOULD FIND REPULSIVE AND NOT WILLING TO ACCEPT AS, CONTEMPORARY STANDARD, EVEN  IN A PRISON ENVIRONMENT.

THAT AS A TOTALITY OF THE HARM, UNWARRANTED PUNISHMENT, SUB STAN- DARD HOUSING AND CARE THE DEFENDANT(S) HAVE GIVEN, RISE TO THE PLAINTIFF'S CLAIM  KNOWN STATISTICALLY, AND SCIENTIFICALLY PROVEN IN SOCIETY FOR A TRANSGENDER INMATE, PROPERLY HOUSED AND SAFELY KEPT IN A PRISON ENVIRONMENT, VIOLATING CONTEMPORARY STANDARDS. A RISK KNOWN TO THE DEFENDANTS, ESPECIALLY IN ASSIGNING HOUSIN WITH SEX OFFENDER TREATMENT INMATES AS IS THE CASE AT THE RICHARD P. LEBLANC UNIT, THE PLAINTIFF HAS SUSTAINED SUBSTANCIAL HARM VIOLA- ING STANDARDS OF DECENCY TO THE EXPOSURE THAT THEY, THE DEFENDAN- T(S) WOULD UNWILLINGLY NOT ACCEPT THEMSELVES. THE PLAINTIFF CAN ONLY COME TO THE CONCLUSION THAT PUNISHMENT OF WHO SHE IS, IS A DELIBERATE ACT INTENDED TO CHASTISE, AND OR DETER HER POSITION IN SOCIETY AS A TRANSGENDER. AN OBJECTIVE STATE OF MIND IN THE CONDI- TIONS, THE DEFENDANT(S)  HAVE SET FOR CONFINEMENT, RECKLESS CAUSE IN NATURE AND ATTITUDE,  DELIBERATELY INDIFFERENT TO CAUSE HARM PUNISHMENT, SAFETY, CAUSED DIRECTLY BY AND THRU THE DEFENDANT(S) ACTS AND OMISSIONS IN TRANSGENDERS CURRENTLY ENCARCERED IN TEX- AS PRISONS. THAT THE PLAINTIFF ALONG WITH HER CLAIM OF DELIBERATE INDIFFERANCE, NEGLEGANCE, AND THE VIOLATIONS OF THE EIGHTH AMEND- MENT PROTECTION AS A US. CITIZEN WHERE CONTINUED, EXPOSER, PRESE- NTS A SUBSTANTIAL RISK OF HARM AND FUTURE HARM, PRISON OFFICIALS KNOW ABOUT THE DANGER A TRANSGENDER STATUS MAY POSE AS WELL AS IN THE VULNERABILITY IT CARRIES, PRISON OFFICIALS, MANAGEMENT, HAVE FAILED TO TAKE REASONABLE MEASURES TO MITIGATE THE KNOWN AND PERCIEVED DANGERS CONDITIONS GIVEN THE DEFENDANT(S) CHOSEN PROFE- SION, STATUS IN MANAGEMENT OF TEXAS PRISONS.

THAT THE PLAINTIFF MAKES KNOWN HER NUMEROUS ATTEMPTS THRU, INFOR- MAL (I-60'S), NOTICES TO PREA, T.D.C.J. OFFICIALS, OF GIVEN AND PERCIEVED THREATS TO HER, IN MANY ATTEMPTS IN EXHAUSTING T.D.C.J. GRIEVANCE PROCEEDURES, COMPLAINTS TO SENIOR OFFICIALS, AND EVEN COMPLAINTS TOTHE OFFICE OF THE INSPECTOR GENERAL, AND EXHAUSTED NUMBER OF I-27-128 GRIEVANCES IN MY NEED OF HELP, ACT & OMISSION

5

OF NOTHING TO SEE HERE, STOP COMPLAING, STAY IN YOUR LANE, DON'T
ROCK THE BOAT ATTITUDES, HAVE CAUSED PHYSICAL HARM TO THE PLAINTI-
FF AS A TRANSGENDER INMATE, EMOTIONAL HARM  WITH FEAR OF FUTURE
ATTACKS ON HER PERSON, BEING HOUSED INCORRECTLY WITH SEXUAL OFFE-
NDERS, PREDATORS, GANGS THAT GIVE ALL STATUS OF L.G.B.T.Q. INDIV-
IDUALS AS "PUNKS" TO BE PUT OUT FOR SALE, AND CORRECTIONAL STAFF
THAT VIEW THE TRANSGENDER STATUS OF AN INMATE AS LESS VALUABLE
AND UNWORTHY OF CONSIDERATION OF A PROTECTIVE STATUS FOR, A
SUBSTANDARD CLASS OF INSTITUTIONALIZED INDIVIDUAL, THIS AS A DIR-
ECT RESULT OF WARDENS, CLASSIFICATION, UPPER MANAGEMENT IN KEY
POSITIONS TO MAKE CHANGES IN TREATMENT, HOUSING, SAFETY OF TRANS-
GENDER INMATES, THE APPEARANCE OF IMPORTANCE, HOWEVER, REALITY OF,
FIRST HAND EXPERIENCES, HOUSED, SHOW A DELIBERATE INDIFFERENCE OF
A LESS VALUED PERSONS THAT CON ONLY BE THE RESULT OF THAT INMAT-
ES, CHOSEN AND GIVEN STATUS UPON INTAKE OF THE TEXAS DEVISION OF
CRIMINALJUSTICE, PRISON SYSTEM. FAILED HER AND OTHERS.

THE PLAINTIFF PRAYS THAT AS A TOTALITY OF HARM, SUFFERING, AND
MENTAL ANGUISH OF, A CONTINUED THREAT, TO HER PERSON, THE COURT
UNDERSTAND THE SPECIFIC INABILITY OF T.D.C.J. TO WILLINGLY ACT
RESPONSIBILY AND SAFELY KEEP TRANSGENDER INMATES, SEEKS RELIEF
FROM THE DEFENDANTS, IN FAVOR OF THE PLAINTIFF IN THE FORM OF
FEDERAL MONITORS, AND OR OVERSIGHT TO THE MOST VULNERABLE CLASS
OF A T.D.C.J. INMATE, TRANSGENDER, THE PLAINTIFF MANDATE CLASS-
IFICATION, HOUSING AND SAFE KEEP OF HERSELF AND OTHER TRANSGENDER
INMATES, THE PLAINTIFF SEEKS RELIEF AND PRAYS THE COUT NO LONGER
ALLOW T.D.C.J. RECKLESS DELIBERATD INDIFFERENCE, ABUSE AND HARM
TO THE PLAINTIFF AS A TRANSGENDER INMATE, FURTHERMORE THE PLAINT-
IFF REQUESTS THAT T.D.C.J. NO LONGER BE ALLOWED TO HOUSE SAID
PLAINTIFF IN DORMATORY HOUSING ASSIGNMENTS, RATHER SAID PLAINTIFF
BE SECURELY HOUSED IN A CELL WITH ADEQUATE SPACE. DORMATORY SETT-
INGS ARE A HOSTILE ENVIRONMENT FOR TRANSGENDERS.

RESPECTFULLY SUBMITTED,

DEREK A. RIGHARDSON T.D.C.J. #1938366

EXHIBITS

DEREK A. RICHARDSON

PLAINTIFF, PRO SE.

V.

ET AL'S

1) I127 #2021119789

2) I-128 #2021119789

3) I-127 #2021067754 MISSING FROM PROPERTY

4) I-128 #2021067754 NEVER RETURNED REF: #2021101833/I-128

5) I-127 #2021016007 STATED REDUNDANT REF

6) I-127 #2021016007 RETURNED UNANSWERED

7) I-127 #2020170922

ADDITIONAL I-127/28 HAVE BEEN REMOVED FROM MY PROPERTY WITHOUT
MY CONSENT OF ADVANCE KNOWLEDGE BY T.D.C.J. STAFF.

8) OCT.-6-2021 OIG COMPLAINT OF MISTREATMENT AND ABUSE BY THE
T.D.C.J. STAFF AND T.D.C.J. INMATES, NOT INVESTIGATED

9) JUNE 5-2021 REQUESTED OBUDSMAN COMPLAINT INITIATED BY ATTORNEY
R.N. VIRDEN ON MY BEHALF, INNAPROPRIATE MOLICIOUS CONDUCT BY T.D.
C.J. STAFF.

10) 1-18-2021 REQUESTED CHARGES, NOT FILED, FOR ASSAULT W/BODILY
INJURY TO PLAINTIFF ON THE RICHARD P. LEBLANC UNIT-TO BE FILED.

I DEREK A. RIGHARDSON, PLAINTIFF DO ATTEST THE EXHIBITS AND DOCUE
MENTS FILED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLE-
DGE AND INFORMATION GIVEN CORRECT.

EXECUTED THIS *FOURTH* DAY OF *FEBRUARY* 2022

DEREK A. RICHARDSON
PLAINTIFF PRO-SE

(1)

## Texas Department of Criminal Justice

# STEP 1  OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2021119789

Date Received: 06/08/21

Date Due: 07/08/21

Grievance Code: 400

Investigator ID #: I2828

Extension Date: 08/07/2021

Date Retd to Offender: JUL 21 2021

Offender Name: Derek A. Richardson   TDCJ # 1938366

Unit: Joe Ney Unit   Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Guise C/o   When? 6-4-21

What was their response? That this matter would have to be grieved.

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

During the hearing for case number 20210187504 written on 5/21/21. my due process rights were violated due to the fact that I was not afforded the opportunity to present my witness. My witness under statuary penalty should have been allowed to come and present his own version of his eyewitness account but was not. Furthermore the hearing officer was leading the charging officer. The charging officer officer Brooks falsified his version of what transpired and I was not able to refute this as allocated in due process law.

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

8

Action Requested to resolve your Complaint. For Case number 20210187504 to be overturned due to violations of due process and case law misconduct.

Offender Signature: Quentin Richardson                    Date: 6-5-21

Grievance Response:

Disciplinary Case # 20210187504 has been reviewed. The disciplinary charges are appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. All due process requirements were satisfied, and the punishment imposed by the Disciplinary Hearing Officer was within agency guidelines. Your appeal is denied.

Kevin Belt, Senior Warden, Joe Ney Unit

Signature Authority: _____                    Date: 7-20-21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:       *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

I-127 Back (Revised 11-2010)

Appendix F

DEC 0 7 2021

H-34b

## Texas Department of Criminal Justice

# STEP 2    OFFENDER
## GRIEVANCE FORM

Offender Name: Richardson D.A.   Derek   TDCJ# 1938366

Unit: Joe Ney   Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2021119789 |
| UGI Recd Date: | 7-26 |
| HQ Recd Date: | JUL 29 2021 |
| Date Due: | 8-25 |
| Grievance Code: | 4/00 |
| Investigator ID#: | 28416 |
| Extension Date: | 9-24-2021 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).   I am dissatisfied with the response at Step 1 because...**

The hearing officer clearly denied me the abilitie to present a witness. This is supported on a recording that is kept and required by law. For me to be denied or afforded the opportunity to present a witness in Court is in fact a violation of my right to due process. I ask for further review of Case # 20210187504. I am forwarding this information to my attorney also.

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

9.

Offender Signature: _A. Matt Richardson_      Date: 7-22-21

Grievance Response:

Disciplinary case #20210187504 has been reviewed. There was sufficient evidence to support the finding of guilt, no due process or procedural errors were noted, the punishment imposed was within the established guidelines, and the elements of the charge were met. Therefore, there is no valid reason to warrant overturning this disciplinary case. No further action is warranted.

Signature Authority: _____ J. RILEY      Date: 11/3/2021

Returned because:   *Resubmit this form when corrections are made*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |
| **2ⁿᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |
| **3ʳᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)      Appendix G

Texas Department of Criminal Justice

# STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2021O1833

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: I2766

Extension Date: _____

Date Ret'd to Offender: _____

Offender Name: W. Richardson          TDCJ # 1938366

Unit: Joe Ney          Housing Assignment: 3-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer Lordin   APR 27 2021          When? Sunday 4-26-21

What was their response? That I would need to grieve the issue

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

I have had an issue with Showers that has been ongoing Since I arrived at Joe Ney's Unit. I've filed grievances for various reasons. I've had an "attorney Contact the Chudsman On two Occasions requesting justification for "forcing" me to Shower in ad Seg. Even though P.R.E.A. act of 2003 only asks for T.D.C.J to offer the "Oppurtunity" to Shower Seperate, leaving the oppurtunity to be at my discriction. the Chudsman Never responded. Unit warden Bolt agreed in a prior grievance response that it was not a rule. However Mr Bolt Stated that I would be forced in his response. I am awaiting a Step 2 answer on that. My current grievance is that there are four T-gender inmates on this unit. I am being profiled because I am On hormone therapy and display the Characteristic traits of a feminine Transgender. Because of that I and another are "forced" to Shower Seperate. The other two are not and haunt been (inmate Jeremy Howard and Jerry Guerra) And they haunt been during this entire grievance with "forced" Showers. Joe Ney is aware of this because it is notated in the inmate Shower log bok. I was told that Huntsville ordered that T-gender inmates be forced to Shower Seperate. But Joe Ney has chosen to violate my State and Constitutional rights to profile me and Segregate me. This is the beggining Step toward justification. I wish to Shower at my own volition in general population Showers. This is

APR 27 2021

**I-127 Front** (Revised 11-2010)          YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

Appendix F

CC1

Action Requested to resolve your Complaint: For me to be treated fairly and equally and afforded the oppourtunity to Shower where I chose ~~MAY 27 2021~~ APR

Offender Signature: _(signature)_ DCharlson     Date: 4-26-21

Grievance Response:

Signature Authority: _____     Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☑ 9. Redundant, Refer to grievance # 2021067754 @ step 2 currently
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: B. Thacker / _(signature)_

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _(signature)_ Rachel Romirez, PM
RACHEL ROMIRES, PM      5-3-21

I-127 Back (Revised 11-2010)     Appendix F

OFFICE USE ONLY BT
Initial Submission _____ UGI Initials: _____
Grievance #: 2021010833
Screening Criteria Used: #09   # 899
Date Recd from Offender: APR MAY 27 2021
Date Returned to Offender: APR MAY 27 2021
2ⁿᵈ Submission _____ UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
3ʳᵈ Submission _____ UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____



**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2021016007

Date Received: 10/07/2020

Date Due: _____

Grievance Code: 201

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: ____

Offender Name: Derek A. Richardson      TDCJ # 1938366

Unit: Garcia Joe Ney      Housing Assignment: 1-53

Unit where incident occurred: Joe Ney

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.   [OCT 0 7 2020]

Who did you talk to (name, title)? Officer Rosales      When? 10-1-20

What was their response? That I would need to use the grievance process   [OCT 07 2020]

What action was taken? None.   [OCT 07 2020]

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Monday, September 28th Sgt Chong had me removed from my duties as a Janitorial Custodian in medical. I had a good working record and performed well. I was removed because I am Transgender and Mr Chong said I would manipulate the system to get medical passes. All of my medical passes were from a previous unit. They were taken, changed and returned written by the same medical staff. The same staff member who was unqualified to write the first one was allowed to write the second as long as items were omitted. This is the first time I've ever worked medical. I was locked down on my previous unit for COVID. All passes were written at the medical Staff's own volition. There was no investigation. No one consulted my Transgend dr. Dr Dozier. I was simply removed from my duties based on assumption and discrimination. It is not Security's job to treat, diagnose, or ammend medical orders. This directly violates the Eighth ammendment. By taking my job on this basis Sgt Chong violated P.REA and Constitutional Rights. Such violations can be considered a precursor to further retaliatorial acts. I was also told by Mr. Chong that I was only using my transgender role to manipulate the system. I am clinically diagnosed with gender dysphoria. I have been on Hormone therapy for years. I came to T.D.C.J. and this unit this way. Under the equal protection of the law act the section pertaining to homosexual rights denies such descrimination 733 F. Supp. at 231-32 (citing Powers v. Hardwick; 478 U.S. 186, 106 S. Ct. 2841 (1986)) Also see Texas, 539 U.S. 558, 577-78, 123 S. Ct. 2472 (2003) Also where a gay prisoner was fired from his job because of his sexual orientation. Doe v. Sparks, 733 F. Supp. 227, 231, 233-34 (W.D. Pa. 1990) the Bowers vs Hardwick ruling changed the law. in (2003) [OCT 07 2020]

---

I-127 Front (Revised 11-2010)      YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM      (OVER)

Appendix F

_____
_____
_____
_____
_____
_____
_____
_____

Action Requested to resolve your Complaint. _For any retaliation or harrassment to me_
_as transgender to stop._

Offender Signature: _Davida_                              Date: _10-6-20_

Grievance Response:




Signature Authority: _____    Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response.
State the reason for appeal on the Step 2 Form.

Returned because:        *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☑ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _B. Thacker_  AH.  UGI

Application of the screening criteria for this grievance is not expected to adversely
Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

OFFICE USE ONLY
Initial Submission ——— UGI Initials: _BT_
Grievance #: _2021016007_
Screening Criteria Used: _#2_  _299_
Date Rec'd from Offender: _OCT 07 2020_
Date Returned to Offender: _OCT 07 2020_
2nd Submission        UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____
3rd Submission        UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

Appendix F

HF



**Texas Department of Criminal Justice**

# STEP 1

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2020170922

Date Received: 8-28-20

Date Due: 10-7-20

Grievance Code: 209

Investigator ID #: I 2766

Extension Date: _____

Date Retd to Offender: SEP 2 5 2020

Offender Name: Derek Allen Richardson   TDCJ # 1938366

Unit: Cotulla   Housing Assignment: W-12-B

Unit where incident occurred: Cotulla   HF B-1-53

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Morales (Unit Major)   When? 8-26 10:01am

What was their response? He recomended that I be classified in safe keeping against my will

What action was taken? a request was filed to Huntsville for unit Transfer against my will

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have been recomended to safe keeping/unit transfer against my will. I do not desire to be housed in any form of segregation. My safety is not, nor has been jeopardized in any kind of way. im currently housed in administrative segregation pending safe keeping. I have been told I am too feminine. I've been told that my safety has been comprimised due to my gender. I am a "Transgender" inmate who is clinically diagnosed with "gender dysphoria". It is against Texas State Law and a violation of T.D.C.J. policy to restrict my housing based on my Sexual Orientation. Section 115.31 Employee training states that the agency shall train all employees who have contact with inmates on it zero tolerance policy for inmate rights to be free from any form of Sexual Harrasment. Section 42 U.S.C. 15606(e)(2)(M) Certifies that certain standards reference Sexual Harrasment in order to Combat what may be a precursser to Sexual abuse This includes demeaning Comments to gender on Pg. 21-22. To be recommended or even housed in Safe Keeping or any form of restrictive housing based on gender or Sexual Orientation is discrimination against me in its purist form. This is wrong and highly inapropriate. Especially in doing so against my will with no threat to my safety or well being. Security is not Convenient If you try to pass an inmate on because it is inconvenient that too is inapropriate. If this matter Cannot be resolved through the appeals process I will file a formal lawsuit against T.D.C.J. for Discrimination, violation of State Law and or Sexual Harrasment.

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

-12

Action Requested to resolve your Complaint: *For Classification to deny transfer and Safe keeping.*
*For Classification to remain my Custody to Current Unit.*

Offender Signature: _Webb Richardson_ Date: _8-26-20_

Grievance Response:

Your claim has been investigated. Your recommendation for Safe Keeping was denied by State Classification and as of 9-10-20 you were transferred to the HF Unit. No further action is warranted from this office

J. Cirone, Asst. Warden

Signature Authority: _____ Date: _8/25/2_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:        *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

<table>
<tr><td colspan="2"><strong>OFFICE USE ONLY</strong></td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

I-127 Back (Revised 11-2010)

Appendix F

# Robert N. Virden

**To:** Ombudsman
**Subject:** A. Richardson #01938366

Ombudsman:

I received a letter dated 05 June 2021 from inmate Richardson.

His letter said:

"I've written you several times regarding the 'forcing' of showering separate(ly).

I am waiting on my Step 2 grievance.

The ... warden admitted in my Step 1 that T.D.C.J. was 'forcing' me to shower separate(ly)... even though there was no rule or mandate in place.

He admitted that there was no rule...

***
(The unit administration) claims there is a need (to make me shower alone) for my safety.

PREA stipulates that T.D.C.J. shall offer the 'opportunity' to shower separate(ly). This is discretionary.

I've had to walk ... to the ... only shower that they deem separate in the rain, even snow. I've been humiliated.

They claim they can simply change the policy to suite this 'forcing.'

... I'm tired of the humiliation and degradation.

The showers in my dorm are used ... by inmates..."

I would appreciate your investigating this matter.

Robert N. Virden
Robert N. Virden, P.C.
3419 Westminster Avenue
Dallas, Texas 75205-1387
Office  214/373-7161
Mobile 214/537-2228
Facsimile  214/373-7161

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel*

1



**Texas Department of Criminal Justice**
# OFFICE OF THE INSPECTOR GENERAL
**P.O. Box 4003, Huntsville, Texas 77342**

To: **Warden Gonzales**

Date: **October 6, 2020**

Unit/Department: **Ney Unit**

Correspondence/Complainant #: **2000011998**

Subject: **Richardson, Derek**

TDCJ #: **1938366**

The correspondence forwarded to the Office of the Inspector General has been read and evaluated by OIG staff. Based on the information provided, the relevant issues stated will be addressed in the following manner:

☐ An OIG Investigation will not be conducted.

☐ The allegations presented do not come under the investigative purview of this office.

☐ This correspondence contains issues that should be submitted through the unit grievance procedure.

☐ If you are not satisfied with your Step 1 Grievance response, you should file a Step 2 Grievance to continue the Offender Grievance procedure.

☑ Allegations or complaints relating to minor staff misconduct or unit issues will be forwarded to the Unit Warden.

☐ The TDCJ Use of Force Office automatically reviews all use of force reports.   If further investigation is considered appropriate, the UOF will be referred to the OIG.

☐ Allegations of life endangerment will be forwarded to the Ombudsman's office.

☐ Polygraph examinations are not administered at offender's request.

☐ The correspondence received contains issues relevant to the _____ ; and will be forwarded there. Please send further correspondence related to this matter to the above referenced office/department.

☐ Other: _____

**NOTE: Prison related issues should be directed to the appropriate TDCJ department.   Sending your concerns to the wrong department or agency delays valuable response time.

☐ Original Documents Returned to Offender.

CC:  Offender Richardson #1938366

DR/772

**Robert N. Virden**

**To:**               Ombudsman
**Subject:**        Derek A. Richardson #01938366

Ombudsman,

On 22 January 2022, I received a letter postmarked 19 January 2022 from inmate Richardson. His letter said:

"I have recently been transferred to the LeBlanc Unit... Joe Ney Unit shipped me and every transgender person of the unit after being inspected by ACLU and many complaints of indifference to the abuse of transpeople on various levels. (T)hey decided the unit was not suitable to house transgenders.

(O)n Friday, January 15ᵗʰ, I was assaulted by inmate (Henry Albert Barlow III)...

For some reason LeBlanc Unit (hasn't) filed charges.

After advances from (inmate) Barlow on various levels I told him I was uninterested and to leave me alone. He was housed in the bunk next to mine and I avoided him at all cost. Mr. Barlow continued trying to make small talk. I again thwarted his attempts by saying leave me alone. At that point he threatened me and stated he would fight me. A fellow inmate defused the situation...

Finally, Mr. Barlow made another advance on Friday, January 15ᵗʰ at around 11:30 a.m. I told him to leave me alone or I would report him to the PREA officer. At that point he assaulted me and began hitting me in the face and head as I sat on my bunk. I fell on the floor and tried to (shield) my face. Another inmate got him off of me. I went into the day area and tried to notify officers. Before I could get to the picket door Mr. Barlow charged the door and went first to the picket. He (told) the officer he had hit me because I (had) grabbed his crotch. He was not restrained at that time. Instead he ran into the dorm again and began punching me and knocking me to the ground. Finally the (officers) came and removed him. A formal investigation concluded that Mr. Barlow had fabricated his excuse for assaulting me...

(Too) many transpeople and elderly are being assaulted by violent offenders who have no respect or regard for others..."

I would appreciate your investigating this matter.

PS I am assisting this inmate on a pro bono public basis. I have not agreed to represent him in any court (or other) proceeding. I am not a litigation attorney; I neither file lawsuits nor defend lawsuits.

Robert N. Virden
Robert N. Virden, P.C.
3419 Westminster Avenue
Dallas, Texas 75205-1387
Office  214/373-7161
Mobile 214/537-2228
Facsimile  214/373-7161

*Board Certified, Estate Planning and Probate, Texas Board of Legal Specialization*
*Fellow, American College of Trust and Estate Counsel*

To Whom It May Concern                                    1-25-22

(   7021 0350 0000 0690 5211   ) Sent By Certified Mail to:
O. I. G. Investigator @ 3060 FM. 3514, Beaumont, TX.
77705

On Friday, January 14th I was assaulted By
offender Henry Albert Barlow III of the Richard P. LeBlanc
Unit. I am Derek A. Richardson, T.D.C.J. inmate
number: 1938366. I too am housed on the Richard
P. LeBlanc Unit. I am a Transgender inmate who
is diagnosed with Gender Dysphoria.

After several advances from offender Barlow
during the first two or three weeks he has
been placed in my dorm and several attempts to
Ask him to leave me alone I enlisted the
help of Another inmate. Mr. Barlow told me if
I didn't like it I Could go to the Corner of the
dorm and fight him. I asked an associate of Mr. Barlow
to tell him that if he wouldn't leave me alone
I'd be forced to report him to the Unit P.R.E.A. officer
because my informal resolutions wouldn't work.

Mr. Barlow then approached me with the other
offender, housed in H-22 bottom and said "Now
tell me what you told him." As I did Mr.
Barlow began hitting me in the head and face
as I Sat on my Bunk. Mr. Barlow Knocked me to
the floor in the process. I put my head down,
Blocking my face as he continued hitting me.
I tried to get up but Mr. Barlow wouldn't

allow me. Eventually after I was able to get up I tried to go to the dayroom area so I could obtain the attention of the staff officers. Mr Barlow tried blocking me and telling me to go to the corner so he could further assault me out of view of officers. I was able to get past Mr. Barlow and enter the dayroom, However Mr. Barlow charged ahead and exited the dorm because the door was not properly secured. He began telling officers he assaulted me and claimed justification due to the fact that according to him I grabbed him in an inapropriate manner. Mr Barlow was not detained. He then ran back into the dorm and hit me again knocking me over. I fell down and covered my face again as Mr Barlow was on top of me hitting me several more times. Eventually officers arrived and seperated us. I believe Mr Barlow has a propensity to be violent and that he is dangerous. He was in another altercation where he caused bodily harm a week prior w/o getting caught. I want to press charges for Aggravated Assault w/ Bodily Injury. Furthermore I would like this to be treated with serious consideration as a hate crime against a Transgender. Because Mr Barlow didn't get his way he felt it apropriate to assault and injure an innocent victim. A P.R.E.A. investigation conducted found his claims against me to be false. Thank You For Your time and consideration regarding this matter.

Sincerely Yours,

Derek A. Richardson #193323

## Texas Department of Criminal Justice

**STEP 1**   OFFENDER GRIEVANCE FORM

H-34B

OFFICE USE ONLY

Grievance #: 2022054869

Date Received: JAN 21 2022

Date Due: 3-2-22

Grievance Code: 000

Investigator ID #: 2619

Extension Date: _____

Date Retd to Offender: JAN 25 2022

Offender Name: Richardson Derek A   TDCJ # 1938366

Unit: LeBlanc   Housing Assignment: H-34-B

Unit where incident occurred: LeBlanc Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Warden A. Tompkins   When? 1-19-22

What was their response? That I would need to talk to OIG

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On Friday January the 14th I was assaulted by inmate: Henry Albert Barlow). I was sitting at my trunk when he began hitting me. He then left the dorm and told the officers he had hit me. Mr Barlow came back in and hit me some more. He knocked me down. This was witnessed by the officers. There were several witness statements filed by M.P.R.E.A. as well. I believe this to be a hate crime because I am a Transgender. I want to press charges against Mr Barlow with the Jefferson County Sheriff's Department. I wrote OIG officer W. Rollins on I-60 7457 and haint recieved notice of been talked to. I want to press charges for Aggravated Assault. I wrote an I-60 on the 18th of Jan to the unit OIG officer Rollins.

---

**I-127 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

**Action Requested to resolve your Complaint.**

i want to press charges against Henry Albert Barbow for assaulting me and causing bodily injury

**Offender Signature:** _____   **Date:** 1-20-22

**Grievance Response:**

An Inmate Protection Investigation was conducted on the date of the incident. You were then reviewed by the Unit Classification Committee and their decision was to grant a housing change. If you wish to contact the Office of the Inspector General you may do so in writing at O.I.G. Investigator- 3060 FM 3514, Beaumont, Texas 77705. No further action from this office is warranted.

*Warden R. Chambers*

**Signature Authority:** _____   **Date:** 1-25-22

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   ***Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**OFFICE USE ONLY**

Initial Submission         UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2ⁿᵈ Submission         UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3ʳᵈ Submission         UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**I-127 Back** (Revised 11-2010)

Appendix F

IN THE _____ JUDICIAL FEDERAL COUR, HOUSTON TEXAS

DISCLAIMER OF PLAINTIFF

THE PLAINTIFF GIVES NOTICE AND PRAYS TO THE COURT THAT AS A
PRO SE PLAINTIFF, RESPECTFULLY REQUESTS THAT HER PLEADING BE
GIVEN LIBERAL CONSIDERATION AS SHE IS A LAY PERSON, NOT QUAL-
IFIED OR PROFESSIONAL ATTORNEY. THAT SHE NOT BE HELD TO THE SAME
HIGH STANDARD AS EXPECTED OF AN ATTORNEY NOTED; HAINS V. KERNER
92 S. CTT.594 (1972). HUSLEY V.OWENS 63 F3d 354, 5TH CIR (1995)
AND PRAYS THE COURT WILL CONSIDER HER PRO-SE STATUS.

RESPECTFULLY SUBMITTED,

*Derek A. Richardson*

DEREK A. RICHARDSON
PRO-SE PLAINTIFF

DEAMED FILED
WARNER V.GLASS 135 SW 3d 681-82 TX(2004)

## DECLARATION

I DEREK A. RICHARDSON DOES NOW ATTEST THE FOREGOING DOCUMENTS AND
INFORMATION ARE TRUE AND CORRECT AS KNOWN TO THE PLAINTIFF, ARE
THERE BY THUSLY SWORN TO UNDER PENALTY OF PURJURY. (T.C.P. 132.00
1-32,28U.S.C. 1746)

DEREK A. RICHARDSON,
PRO SE PLAINTIFF

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY (2) TRUE AND CORRECT COPIES HAVE BEEN SENT BY
US MAIL TO THE FEDERAL COURT OF CLERKS, HOUSTON FOR FILING, 1:RE-
TURN TO THE PLAINTIFF TO BE SERVED ON THE KNOWN AND STATED
DEFENDANT(S), ONCE CLERK FILING AND RETURNED TO PLAINTIFF IS
COMPLETE.

EXECUTED ON THIS *FOURTH* DAY OF *FEBRUARY* 2022

DEREK A. RICHARDSON
PRO SE PLAINTIFF

DEAMED FILED

WARNER V. GLASS 135 SW 3d 681-82 TX, (2004)

(1)

United States Courts
Southern District of Texas
F I L E D

FEB 07 2022

Nathan Ochsner, Clerk of Court

Houston U
515 Rus
P.O. Bo
Houston

7720B

DEREK A. RICHARDSON                §          IN THE
PLAINTIFF PRO-SE
V.                                            FEDERAL COURT
TEXAS DEPT. OF CRIMINAL                       HOUSTON TEXAS
JUSTICE; T.D.C.J. DIRECTOR,
T.D.C.J. STATE CLASSIFICATION,    §
CHAIRPERSON, T.D.C.J. RICHARD
P. LEBLANC UNIT WARDEN, RICHARD
P.LEBLANC UNIT CLASSIFICATION
OFFICER
DEFENDANT(S)                      §


MOTION FOR PHYSICAL FEDERAL
CUSTODY OF PLAINTIFF; FEAR OF RETALIATION, CONTINUED HARM.

NOW COMES THE PLAINTIFF DEREK A. RICHARDSON (HERE AFTER REFFERED
TO AS THE "PLAINTIFF") AND PETITIONS THE COURT BY MEANS OF MOTION
TO PLACE PLAINTIFF IN FEDERAL CUSTODY BY FACT AND ESTABLISHED
PRECIDENCE. SEE, ESTELLE V. GGAMBLE 429 U.S. 97 (1976) FEDERAL
CUSTODY OF STATE INMATE(S) THE BASIS OF THIS MOTION REQUESTING
FEDERAL COURT OORDER PLACING PLAINTIFF IN, FEDERAL CUSTODY IS THE
MOVEMENTS CONTENTION THAT A KNOWN AND PROBABILITY OF FUTURE ACTS
AND OMISSION OF VIOLENT, BRUTA, AND SADISTIC BEHAVIOR EXISTS FOR
TRANSGENDER INMATES WITH ALTERED ATTRIBUTES LEADING TO A, "FEMALE
" STRUCTURE, NATURE,  AND APPEARANCE WITH A STATED, KNOWN, RECKL-
ESS BEHAVIOR, RETALIATION, AND DELIBERATE INDIFFERENCE BY AND
THRU THE TEXAS DEPT. OF CRIMINAL JUSTICE PRISONS AND MANAGEMENT.
THE PLAINTIFF RECIEVED NUMEROUS THREATS TO HER PERSON, WANTON
AND WILLFUL ATTEMPTS OF SEXUAL ADVANCEMENT BY NOT ONLY OTHER
INMATES BUT STAFF. THUS FEELS FOR FEAR AND SAFETY OF HER PERSON.
HAS SHOWN GOOD CAUSE IN THE PLAINTIFF'S U.S.C. 42,1983 A CALLOUS
DISREGAURD BY PRISON OFFICIALS TO UNDERSTAND AND MITIGATE THE
EXTREME RISK POTENTIAL FOR BOTH, BODILY AND EMOTIONAL HARM TOW-
ARDS THE PLAINTIFF AND THE WHOLE OF TRANSGENDER INMATES IN, AND
SUPPORTED, BY THEIR CUSTODY.
THE PLAINTIFF BY LAW HAS ADDRESSED THESE AND OTHER ISSUES, PERTAI-
NING

ING TO TRANSGENDER STATUS, AND ASSISTANCE FOR LACK OF ACCOUNTABI-
LITY OF STATUTE, CODES, AND LAW PROTECTING SAID INDIVIDUALS WHILE
IN CUSTODY, THOSE HAVE FAILED. THE PLAINTIFF FEARS FOR HER LIFE,
WELLBEING. THE PLAINTIFF PRAYS THAT THE FEDERAL COURT WILL REASON
ON THE SIDE OF CAUTION AND OBLIGATION OWED TO "THE PLAINTIFF" AS
REAL AND FACTUAL. THAT DUTY OWED TO THE PLAINTIFF BY THE DEFENDA-
NT(S) HAS FAILED AND REQUEST UNTIL SUCH ALLEGATIONS BE RULED ON
IN THE PLAINTIFF'S  PETITION, AS 1983, THE COURT REMOVE SAID
PLAINTIFF AND SAFE KEEP, HER IN FEDERAL CUSTODY.


ORDER

THE PLAINTIFF OMTION FORFEDERAL CUSTODY BE CONSIDERED AND SAID
MOTION:
   GRANTED_____DENIED ON THIS_____DAY OF _____
2022.



RESPECTFULLY SUBMITTED,


DEREK A. RICHARDSON
PRO-SE PLAINTIFF